UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DAVID CLANTON,

                Petitioner,            **MEMORANDUM & ORDER**
                                                    14-CV-6024 (MKB)

      v.

WILLIAM LEE,

                Respondent.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Petitioner David Clanton, proceeding *pro se*, brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction entered in 2007 after a trial in New York State Supreme Court, Queens County, on charges of two counts of burglary in the first degree, four counts of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree.

      On October 20, 2014, the Clerk of Court mailed a notice of deficient filing to Petitioner, informing him that the required $5.00 filing fee was not received with his petition. (Docket Entry No. 2.) On October 29, 2014 and again on November 11, 2014, Petitioner submitted letters to the Court explaining that he had sent a prison check for $5.00 for filling with his petition. (Docket Entry No. 4.) Petitioner enclosed a letter from the *pro se* office dated October 30, 2014, stating that the Court had no record of receiving a check. (Docket Entry No. 5.) On November 12, 2014, Petitioner made a motion to proceed *in forma pauperis*. (Docket Entry No. 6.) The Court grants Petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. §

1915. The Court has conducted an initial consideration of the petition and, for the reasons set forth below, determines that the petition appears to be time-barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). Therefore, Petitioner is directed to submit an affirmation, within sixty (60) days of the entry of this Memorandum and Order, explaining why the petition should not be dismissed as time-barred.

**I. Background**

Following a jury trial in New York State Supreme Court, Queens County, Petitioner was convicted of two counts of burglary in the first degree, four counts of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the fifth degree. (Pet. ¶ 2.) Petitioner was sentenced on March 12, 2007 to a term of eighteen years' imprisonment. (*Id.* ¶ 3.) Petitioner appealed his conviction on the grounds of "multiple *Trowbridge* [v]iolations,[1] improper summation, trial court refus[al] to give requested adverse charge of police destruction of Brady material (a green jacket), [and] failure of defense counsel to request the suppression hearing be reopened when new trial evidence is presented." (*Id.* ¶ 9(f).) The Appellate Division, Second Department, affirmed the conviction on January 12, 2010. *See People v. Clanton*, 895 N.Y.S.2d 99 (App. Div. 2010). On April 22, 2010, the New

---

[1] *People v. Trowbridge* held that, under New York law, a witness who identified the defendant as a perpetrator of the alleged crime may himself testify as to his previous identification of the defendant, but it is reversible error for another witness to testify as to the first witness' prior identification to "bolster" the first witness' testimony. 305 N.Y. 471, 476–77 (1953), *superseded in part by* N.Y. C.P.L. § 60.25 (permitting, under certain circumstances, a witness' prior identification to be established by another person if the identifying witness is unable to identify the defendant trial).

York Court of Appeals denied Petitioner leave to appeal. *See People v. Clanton*, 14 N.Y.3d 839 (2010).

## II. Discussion

### a. Timeliness of petition

Before proceeding to the merits of the instant petition, the Court must consider whether the petition was timely filed. The AEDPA, signed into law on April 24, 1996, provides for a one-year statute of limitations for the filing of a writ of habeas corpus by a person in custody pursuant to a state court judgment. 28 U.S.C § 2244(d)(1). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D); *see Lindh v. Murphy*, 521 U.S. 320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act"). A judgment of conviction is "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A) upon completion of a defendant's direct appeal in the respective state's highest court and either completion of proceedings before the United States Supreme Court if the petitioner chooses to file for a writ of certiorari, or the expiration of time to seek certiorari before

the United States Supreme Court. *McKinney v. Artuz*, 326 F.3d 87, 96 (2d Cir. 2003) (petitioner's conviction became final ninety days after the date of an order denying his application for leave to appeal to the New York Court of Appeals, because petitioner did not file a petition for certiorari seeking review of his New York State court decisions by the United States Supreme Court); *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001) (noting that the limitations period specified in § 2244(d)(1)(A) does not begin to run until direct appellate review in the state court system has been completed, and either the denial of certiorari or the expiration of time for seeking certiorari before the United States Supreme Court); *Hutzenlaub v. Portuondo*, 232 F. Supp. 2d 40, 42–43 (E.D.N.Y. 2002) (noting that "[a] petition for a writ of certiorari in the United States Supreme Court must be filed within ninety days of the final decision from the state's highest court" (citing *Ross v. Artuz*, 150 F.3d 97, 98 (2d Cir. 1998))).

Petitioner's conviction became final on or about July 21, 2010, ninety days after the New York State Court of Appeals denied leave to appeal to that Court. Pursuant to the one-year limitations rule, Petitioner should have filed his petition on or before July 21, 2011. The instant petition was not filed with the Court until October 9, 2014, more than three years after the limitations period expired. Therefore, unless Petitioner can show that the one-year limitations period was tolled, the petition is untimely and barred by 28 U.S.C. § 2244(d). The Court therefore considers whether Petitioner is entitled to statutory or equitable tolling of the time requirements.

### i. Statutory tolling

In calculating the one-year limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-

conviction proceeding, however, does not start the one-year limitation period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. *Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (noting that a motion pursuant to New York State Civil Procedure Law section 440.10 is "pending" beginning on the day it is filed and ending when it is disposed); *Does v. Menefee*, 391 F.3d 147, 154 (2d Cir. 2004) (noting that a state collateral proceeding commenced after the limitations period has run does not restart the limitations period); *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam) ("[T]he proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run.") .

Petitioner states that he filed "other petitions, applications, or motions concerning" his judgment of conviction in Supreme Court, Queens County, the Appellate Court, Second Department, and the New York Court of Appeals, but does not state the nature of the motions or when the motions were filed and decided. (Pet. ¶¶ 9(g), 11(a–b)). A Westlaw search reveals that Petitioner filed at least three motions for writs of error coram nobis that were denied. *See People v. Clanton*, 980 N.Y.S.2d 792 (App. Div. 2014); *People v. Clanton*, 950 N.Y.S.2d 483 (App. Div. 2012); *People v. Clanton*, 914 N.Y.S.2d 685 (App. Div. 2011). Because Petitioner failed to include information as to when he filed these or any additional petitions, applications, motions or writs of error coram nobis, the Court is unable to determine whether Petitioner's applications could serve to toll the limitations period under § 2244(d)(2) to render the instant petition timely.

### ii. Equitable tolling

Courts will equitably toll the statute of limitations for a period of time if the petitioner shows, for the relevant period, "(1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing." *Dillon v. Conway*, 642 F.3d 358, 362 (2d Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted). To show that he has been pursuing his rights, a petitioner must demonstrate that he acted with "reasonable diligence throughout the period he seeks to toll." *Smith*, 208 F.3d at 17 (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d. Cir 1996)); *see Harper v. Ercole*, 648 F.3d 132, 134 (2d Cir. 2011) (A petitioner is "required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled."). In addition, application of equitable tolling is only warranted in rare and exceptional cases, where "extraordinary circumstances," meaning severe obstacles to petitioner's ability to comply with AEDPA's limitation period, prevent the petitioner from filing on time. *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (noting that mental incapacity may constitute extraordinary circumstances, depending on the facts presented); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (Equitable tolling "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."); *see, e.g.*, *Nickels v. Conway*, 480 F. App'x 54, 56 (2d Cir. 2012) (attorney's failure to file petitioner's habeas petition, despite specific instruction to do so, constituted an "extraordinary circumstance" to warrant equitable tolling of the AEDPA's one-year limitations period); *Harper*, 648 F.3d at 137 (petitioner's hospitalization caused his failure to miss the one-year filing deadline under the AEDPA, thereby qualifying him for equitable tolling of the AEDPA's statute of limitations period).

Here, Petitioner has not articulated any basis for equitable tolling. There are no facts in

the petition that could support a finding that the limitations period should be equitably tolled.

### III. Conclusion

Petitioner is directed to show cause by written affirmation, within sixty (60) days from the entry of this Memorandum and Order, why the instant petition should not be dismissed as time-barred.[2] *Day v. McDonough*, 547 U.S. 198, 210 (2006) (citing, *inter alia*, *Acosta v. Artuz*, 221 F.3d 117, 124–125 (2d Cir. 2000)) (before acting on its own initiative to dismiss petition as untimely, a court must accord the parties fair notice and an opportunity to present their positions). Petitioner's affirmation should include any facts which would support tolling of the statute of limitations, including the date he filed any other petitions, applications, motions or any applications for writs of error coram nobis and the dates he sought leave to appeal those denials.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for Petitioner to comply with this Order. If Petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred. 28 U.S.C. § 2244(d).

SO ORDERED:

s/MKB
MARGO K. BRODIE
United States District Judge

Dated: June 11, 2015
      Brooklyn, New York

---

[2] An affirmation form is attached to this Order.