```
UNITED STATES DISTRICT COURT           C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
DAVID CLANTON,                                              :
                                                            :   **MEMORANDUM**
                                      Petitioner,           :   **DECISION AND ORDER**
                                                            :
              - against -                                   :   14 Civ. 6024 (BMC)
                                                            :
WILLIAM LEE,                                                :
                                                            :
                                      Respondent.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Petitioner seeks habeas corpus relief under 28 U.S.C. § 2254, having been convicted in state court of two counts of first degree burglary, four counts of first degree robbery, and one count each of second degree weapons possession and fifth degree possession of stolen property. Petitioner was sentenced, as a second felony offender, to concurrent sentences totaling 18 years.

Additional facts will be set forth below as relevant to each of petitioner's points of error, but to summarize, this was a push-in robbery in which a victim opened her door and petitioner and an unapprehended accomplice entered at gun point. Petitioner took money and personal property from several victims in the house. As he did so, one of them who was out of his sight called 911. The police arrived to observe petitioner fleeing the house and gave chase. They apprehended him and found the stolen property on him, as well as a gun. The victims then identified him and their property in a show-up held on the street immediately thereafter, and one of the victims, who testified that he was familiar with firearms, identified the gun as the one used by petitioner during the robbery.

In addition to his direct appeal, including a *pro se* brief by petitioner, petitioner filed ten *pro se* post-conviction motions, the resolution of which took over seven years.[1] His petition for a writ of habeas corpus asserts the following points: (1) improper bolstering of eyewitness testimony; (2) prosecutorial misconduct based on statements made in summation; (3) ineffective assistance of trial counsel based on counsel's failure to move to reopen petitioner's suppression hearing based on testimony at trial; and (4) refusal to charge the jury concerning lost evidence. Each of these points is addressed seriatim below.

## I. **Trowbridge Error**

In his represented brief on direct appeal, petitioner contended that the prosecutor, in several instances, violated the rule in People v. Trowbridge, 305 N.Y. 471, 113 N.E.2d 841 (1953), which prohibits police officers from testifying as to a witness' prior identification of a defendant when the eyewitness has already testified that he made the identification. In state practice, this is referred to as "improper bolstering" of the eyewitness's testimony.

At petitioner's trial, the victims testified that they had identified petitioner from a show-up immediately after the crime. Thereafter, two police officers testified to those identifications by the victims as well, and on one other occasion, one of the officer's testimony implied that the eyewitnesses had positively identified petitioner. The trial court sustained objections to the officers' testimony in each instance and told the jury to disregard it in very strong language, but it denied motions for a mistrial. The Appellate Division held that "the admission of the [officers'] bolstering testimony was harmless because the evidence of the defendant's guilt, without reference to the error, was overwhelming and there was no significant probability that,

---

[1] Despite the length of time and the fact that several of petitioner's motions were not properly filed (e.g., motions for reargument were improperly characterized as new, but untimely, motions under N.Y. C.P.L. §440.10), I have concluded that the petition is timely under 28 U.S.C. § 2244(d), although not by much. Respondent has not raised a timeliness challenge.

but for the error, the jury would have acquitted the defendant." People v. Clanton, 69 A.D.3d 754, 754, 895 N.Y.S.2d 99 (2d Dep't), leave to appeal denied, 14 N.Y.3d 849, 901 N.Y.S.2d 145 (2010).

This alleged error of state law is not cognizable on federal habeas review. The Constitution does not prohibit "bolstering," and only constitutional errors can be addressed on federal habeas corpus. Federal courts uniformly hold that the Trowbridge rule does not implicate a federal due process issue. "Violation of [the Trowbridge] rule, as is so with regard to many such state court rules, does not rise to a constitutional level." Snow v. Reid, 619 F.Supp. 579, 582 (S.D.N.Y. 1985); accord Heath v. Lavalley, No. 11 Civ. 2962, 2014 WL 4954658 (E.D.N.Y. Oct. 2, 2014); Cosby v. LaValley, No. 12 Civ. 0704, 2014 WL 3734213 (N.D.N.Y. July 28, 2014); Castaldi v. Poole, No. 07 Civ. 1420, 2013 WL 789986 (E.D.N.Y. Mar. 1, 2013); Diaz v. Greiner, 110 F.Supp.2d 225, 234 (S.D.N.Y. 2000) ("Bolstering claims have been (expressly) held not to be cognizable on federal habeas review."); Malik v. Khoenan, No. 94 Civ. 8084, 1996 WL 137478, at *4 (S.D.N.Y. Mar. 26, 1996) ("A claim of bolstering is not a federal constitutional claim cognizable on habeas review"); Vega v. Berry, No. 90 Civ. 7044, 1991 WL 73847, at *2 (S.D.N.Y. Apr. 29, 1991) ("Although bolstering is a practice prohibited in various states, including New York, the practice is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to deprive a defendant of his due process right to a fair trial.").

Petitioner's claim is accordingly rejected.

## II. Prosecutorial Misconduct in Summation

In his *pro se* brief on direct appeal, petitioner challenged a number of remarks that the prosecutor made in summation.[2] His habeas petition alludes to them only generally but I will assume that they are the same remarks to which he referred in his Appellate Division *pro se* brief. The Appellate Division disposed of some of these points of error on the merits and others as procedurally barred and, alternatively, without merit.

*A. Claims held to be without merit*

First, one of the police witnesses had testified that when he apprehended petitioner after the chase, petitioner stated to him, "[y]ou know what I could have done to you, right?" The prosecutor referred to that statement during his summation to argue that, in fact, petitioner was aware that he had the gun. This was in response to defense counsel's summation, in which he had argued that it was not credible that petitioner had made that statement to the officer.

Second, the prosecutor asserted in summation, in addressing the fact that the gun and stolen property were recovered from petitioner at the point of apprehension, "Where did that stuff come from, ladies and gentlemen? Ask yourself. Have you heard any argument or explanation as to where that could have come from?" Petitioner argued to the Appellate Division that this was improper because it shifted the burden of proof to him.

As to these points, the Appellate Division held that "[t]he prosecutor's summation remarks regarding the statement made by the defendant after the police removed a gun from his pocket, and the defendant's unexplained possession of the complainants' property, constituted fair comment on the evidence." Clanton, 69 A.D.3d at 754, 895 N.Y.S.2d at 101.

---

[2] Petitioner also argued in his *pro se* brief that the prosecutor had a duty during the trial to correct inconsistencies between his witnesses' testimony at trial and their testimony before the grand jury. That point is not reasserted in his habeas petition.

Because the Appellate Division decided this point on the merits, its decision attracts the provisions of 28 U.S.C. § 2254(d)(1), the Antiterrorism and Effective Death Penalty Act ("AEDPA"). That statute requires petitioner to demonstrate that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." The decision of a state court is "contrary" to clearly established federal law within the meaning of § 2254(d)(1) if it is "diametrically different" from, "opposite in character or nature" to, or "mutually opposed" to the relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, (2000) (internal quotation marks omitted). Moreover, a state court decision involves "an unreasonable application" of clearly established federal law if the state court applies federal law to the facts of the case "in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141, 125 S. Ct. 1432 (2005). The Supreme Court has made clear that the AEDPA standard of review is extremely narrow, and is intended only as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal[.]" Ryan v. Gonzales, 568 U.S. ___, 133 S. Ct. 696, 708 (2013) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101, 131 S. Ct. 770 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140 (2004)).

For purposes of federal habeas corpus review, a prosecutor has wide latitude in making his closing argument. See United States v. Casamento, 887 F.2d 1141, 1189 (2d Cir. 1989). Even where a prosecutor has made improper comments in summation, habeas relief is not warranted unless those remarks rendered the trial, as a whole, "fundamentally unfair." Darden v.

5

Wainwright, 477 U.S. 168, 181-83, 106 S. Ct. 2464 (1986).  To be entitled to habeas relief, a petitioner must show "that he suffered actual prejudice because the prosecutor's comments during summation had a substantial and injurious effect or influence in determining the jury's verdict."  Bentley v. Scully, 41 F.3d 818, 824 (2d Cir. 1994); see also Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S. Ct. 1868 (1974) (holding habeas relief warranted only where prosecution's claimed misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process").

I see no error in the Appellate Division's decision under any standard of review.  The prosecutor's reference to petitioner's admission at the time of his arrest was based on highly probative evidence actually in the record.  His rhetorical question as to how else could the gun and stolen property have been found on petitioner if petitioner was not the robber did not shift the burden of proof to petitioner; it simply asserted that the prosecution had met its burden of proof by excluding all other plausible theories.  The Appellate Division's decision was neither contrary to, nor an unreasonable application of, Supreme Court authority.  Petitioner's point of error is therefore rejected.

### B.  Claims held to be unpreserved

Petitioner's remaining points in his *pro se* brief on appeal also largely consisted of objections to actual or closely paraphrased quotations of trial testimony that the prosecutor made in his summation.  Apparently, petitioner contends that the prosecutor sought to inflame the jury by using this testimony, or else that he put his own credibility at issue by vouching for the witnesses. The statements to which petitioner objected were (1) quoting one victim as saying to petitioner during the attack, "'[t]ake it [referring to money the victim was handing petitioner], take it, don't hurt anyone,' that's what Mr. Yakobova [the victim] was doing"; (2) quoting that

6

same victim, who had chased petitioner after he fled the house and was asked on cross-examination if he was afraid, as testifying, "You only die once"; (3) in refuting petitioner's claim of mistaken identity, the prosecutor argued that the victims had identified petitioner right after seeing him in their house, as well as in court, and they were thus neither mistaken nor dissembling; (4) by saying that petitioner "made that choice to go into that house and rob that family at gunpoint, and he left all of you with no choice today";[3] (5) in commenting on testimony that police officers had removed a green jacket from him when they arrested him (so that the witnesses would not identify him based solely on his wearing a green jacket), the prosecutor stated that that was "prudent"; and (6) the prosecutor alluded to petitioner's grand jury testimony, without identifying it as such, by arguing that not only did four witnesses identify petitioner as the robber, but that, according to petitioner, "he wasn't even there." This could only have been a reference to petitioner's grand jury testimony, petitioner argued, because he did not testify at trial.

    As to all of these claims, the Appellate Division held:

> The defendant's claim that certain additional summation comments were improper is unpreserved for appellate review. In any event, all but one of the remarks now claimed to have been improper were fair comment on the evidence or responsive to the defense summation and the remaining challenged remark constituted harmless error.

Clanton, 69 A.D.3d at 755, 895 N.Y.S.2d at 101 (citations omitted).[4] Although the Appellate Division ruled on these claims on the merits in the alternative, its holding that the claims were

---

[3] Petitioner argues that this comment "sought to have the jury expand its role from that of fact finder in this case to that of a community defender and avenger."

[4] Since the Appellate Division did not distinguish between statements that were "fair comment on the evidence or responsive the defense summation" and "harmless error," it is not certain which statement was harmless error. However, it seems highly likely that the Appellate Division was referring to the prosecutor's oblique reference to petitioner's grand jury testimony. I reach that conclusion because trial counsel did, in fact, object generally to that statement, and the trial court sustained the objection, instructing the jury to disregard it. Trial counsel did not

7

unpreserved creates a procedural bar to review in this Court. See Glenn v. Bartlett, 98 F.3d 721, 724 (2d Cir. 1996).

A federal court should not address the merits of a petitioner's habeas claim if a state court has rejected the claim on "a state law ground that is *independent* of the federal question and *adequate* to support the judgment". Lee v. Kemna, 534 U.S. 362, 375, 122 S. Ct. 877 (2002) (quoting Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546 (1991)). When a state court rejects a petitioner's claim because he failed to comply with a state procedural rule, the procedural bar may constitute an adequate and independent ground for the state court's decision. See, e.g., Coleman, 501 U.S. at 729-30, 111 S. Ct. at 2554; Murden v. Artuz, 497 F.3d 178, 191 (2d Cir. 2007). State procedural grounds are only adequate to support the judgment and foreclose federal review if they are "firmly established and regularly followed" in the state. Lee, 534 U.S. at 376, 122 S. Ct. at 885 (quoting James v. Kentucky, 466 U.S. 341, 348, 104 S. Ct. 1830 (1984)). If a state court rejects a specific claim on an adequate and independent state law ground, then a federal court should not review the merits of the claim, even if the state court addressed the merits of the claim in the alternative. See Harris v. Reed, 489 U.S. 255, 264 n.10, 109 S.Ct. 1038 (1989) ("[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law."); Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

It is well settled that New York's contemporaneous objection rule, codified at N.Y. Crim. Proc. Law § 470.05(2), is an independent and adequate state law ground that ordinarily precludes

---

request any further instruction nor did he move for a mistrial, so the Appellate Division could properly treat it as unpreserved and, alternatively, without merit.

federal habeas corpus review.  See, e.g., Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011).  It is equally well settled that under New York law, it is not enough to preserve a claim of prosecutorial misconduct during summation to simply utter the word "objection;" rather, the trial court must be specifically advised of the grounds for the objection to preserve the point for appellate review.  See, e.g., McCall v. Capra, ___ F. Supp. 3d ___, 2015 WL 1951572, at *13 (E.D.N.Y. Apr. 30, 2015); Dunn v. Sears, 561 F.Supp.2d 444, 454-55 (S.D.N.Y. 2008) (finding reliance on contemporaneous objection rule to be adequate procedural bar where petitioner's counsel "made only one-word objections to the Prosecutor's conduct [during summation]," and noting that "New York State caselaw is consistent with the result in this case").  In the instant case, many of petitioner's claimed summation errors were not the subject of any objection at all; the rest were the subject of the single word "objection" with no explanation.

Since the Appellate Division properly held petitioner's claims to be procedurally barred, the question is whether grounds exist to avoid the procedural bar.  Procedural default on state law grounds may be overcome by a petitioner who either demonstrates "'cause' for the default and 'prejudice attributable thereto,' or . . . that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'"  Harris, 489 U.S. at 262, 109 S. Ct. at 1043 (citation omitted).  Although, in some circumstances, ineffective assistance of counsel can constitute "cause" sufficient to avoid a procedural default, Murray v. Carrier, 477 U.S. 478, 488-89, 106 S. Ct. 2639 (1986), the ineffective assistance claim must itself have been exhausted in the state court.  Edwards v. Carpenter, 529 U.S. 446, 451-52, 120 S. Ct. 1587 (2000).  To adequately exhaust a claim, a petitioner must have "fairly presented" the claim to the state court.  Daye v. Attorney Gen., 696 F.2d 186, 191 (2d Cir. 1982) (en banc).  A fundamental miscarriage of justice is characterized as "an extraordinary case, where a constitutional violation has probably

9

resulted in the conviction of one who is actually innocent[.]" Murray, 477 U.S. at 496, 106 S. Ct. at 2649.

Although petitioner raised various claims of ineffective assistance of counsel in some of his §440 motions, he never alleged that his trial counsel was ineffective for failing to preserve this claim of prosecutorial misconduct. He therefore cannot offer it here as a means of overcoming the procedural bar. See Edwards, 529 U.S.at 451-52, 120 S. Ct.at 1591-92. Nor, considering the overwhelming evidence of his guilt (apprehension moments after the crime with the proceeds of the crime and the gun on his person and identification as the robber by multiple witnesses), can he demonstrate prejudice resulting from his trial counsel's failure to object. There is thus neither cause nor prejudice that would excuse the procedural default. For the same reason, there is no manifest injustice from the failure to preserve the alleged errors. The claims are therefore procedurally barred.

### III. Ineffective Assistance of Counsel

Petitioner asserts in his petition that his counsel was ineffective for not seeking to reopen his suppression hearing as a result of inconsistencies between a police officer's testimony at trial and his testimony at the suppression hearing, and inconsistencies between the police officer's testimony and two of the victims' testimony at trial. The inconsistencies were: (1) at the suppression hearing, a police officer had testified that he stayed with petitioner during the show-up when petitioner was apprehended, whereas at trial, the officer said he walked over to the victims during the show-up; (2) the officer testified that he had first seen petitioner from about six to ten feet away, whereas one of the victims testified that the officers were about 165 feet to 198 feet away; (3) the officer testified that petitioner was wearing a green jacket, whereas one of the victims said petitioner wore only a green shirt; and (4) the officer testified that he had stayed

with petitioner after the arrest (as noted above), but a second victim said that the officer had driven her and the first victim to the show-up.

Although petitioner argued on direct appeal that the trial court erred by not reopening the record at the suppression hearing as a result of these alleged inconsistencies, and although, as noted above, petitioner raised various claims of ineffective assistance of trial counsel in his §440 motions, he never argued that his counsel was ineffective for not asking the trial court to reopen the record on his suppression hearing. He is raising that claim here for the first time.

As noted above, before raising a claim in a petition for a writ of habeas corpus, a petitioner must exhaust any available state remedies. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust a state court remedy, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005); see also St. Helen v. Senkowski, 374 F.3d 181, 182-83 (2d Cir. 2004) ("To satisfy the exhaustion requirement of 28 U.S.C. § 2254(b), a petitioner must alert the state court to the constitutional nature of a claim but need not refer[ ][to] chapter and verse [of] the U.S. Constitution.") (alterations in original, internal quotation marks and citation omitted); Petrucelli v. Coombe, 735 F.2d 684, 687 (2d Cir. 1984) ("Because non-constitutional claims are not cognizable in federal habeas corpus proceedings, a habeas petition must put state courts on notice that they are to decide federal constitutional claims.") (internal citations omitted). Thus, because petitioner has never raised this particular ineffective assistance of trial counsel claim before his federal habeas corpus petition, it is unexhausted.

Although a federal court can defer ruling on some unexhausted claims in favor of allowing a petitioner to return to state court to exhaust them, see Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528 (2005), that is not true of all claims. If there is no procedure available in state

court for hearing the unexhausted claim, a federal court will not permit or require a petitioner to make the futile gesture of returning to state court for an assured dismissal. In that circumstance, the claim is deemed exhausted and procedurally barred. See Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997); see also St. Helen, 374 F.3d at 183 ("[E]ven if a federal claim has not been presented to the highest state court or preserved in lower state courts under state law, it will be deemed exhausted if it has become procedurally barred under state law."); DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004) (petitioner's procedurally defaulted claims deemed exhausted where he could no longer obtain state court review because of his procedural default); McKethan v. Mantello, 292 F.3d 119, 122-23 (2d Cir. 2002) (claims deemed exhausted where they were "procedurally barred for not having been raised in a timely fashion"); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994) ("[I]f the petitioner no longer has 'remedies available' in the state courts under 28 U.S.C. § 2254(b), we deem the claims exhausted.") (quoting Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991)); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056 (1989) ("It would be inconsistent with [§ 2254(b) ], as well as with underlying principles of comity, to mandate recourse to state collateral review whose results have effectively been predetermined . . ..").

New York law is well settled that where a claim of ineffective assistance of counsel is based on errors or omissions that appear on the pretrial or trial record, such claims must be raised on direct appeal or they will be deemed procedurally barred when raised collaterally. See N.Y. C.P.L. § 440.10(2)(c); Sweet v. Bennett, 353 F.3d 135, 139 (2d Cir. 2003) ("New York law requires a state court to deny a motion to vacate a judgment based on a constitutional violation where the defendant unjustifiably failed to argue the constitutional violation on direct appeal despite a sufficient record."); Dunham v. Travis, 313 F.3d 724 (2d Cir. 2002); Arce v. Smith,

889 F.2d 1271, 1272-73 (2d Cir. 1989) ("Normally, under New York law, a claim of ineffective assistance of trial . . . counsel cannot be raised on appeal because its resolution often requires evidence not contained in the record on appeal . . . [h]owever, the existence of an adequate record would render such claims properly reviewable on appeal before . . . the Appellate Division."); People v. Hickey, 277 A.D.2d 511, 511, 714 N.Y.S.2d 821 (3d Dep't. 2000); People v. Wong, 256 A.D.2d 724, 725, 682 N.Y.S.2d 689 (3d Dep't. 1998). It is of course basic New York practice that a defendant can only receive one direct appeal. See Aparicio v. Artuz, 269 F.3d 78, 91 (2d Cir. 2001).

Applying these principles, petitioner's claim of ineffective assistance of trial counsel is deemed exhausted and procedurally barred. Obviously, the alleged omission by trial counsel – failure to move to reopen the suppression hearing at trial – is apparent from the face of the trial record because the motion does not appear. Petitioner was therefore obligated to raise the omission on his direct appeal, and if he tried to raise it in another §440 motion now, it would be deemed procedurally barred. It therefore cannot be heard as part of his federal habeas petition.

## IV. Adverse Inference Instruction

Petitioner's final point in his habeas corpus petition reprises a point from his *pro se* brief on direct appeal. The petition contends that the "trial court refused request for adverse charge for destruction of Brady material." The point explains that the police officers testified that petitioner was wearing a green jacket when apprehended (as noted above), yet the prosecution admitted at trial that the jacket was lost or destroyed. The "Brady material" to which petitioner refers, assuming the accuracy of that characterization, is the green jacket.

The police officers and most witnesses testified that petitioner was wearing a green jacket when he fled the victims' house. One officer testified that he removed the jacket from petitioner

13

after apprehending him and prior to allowing the victims to view petitioner in the show-up. The officers further testified that although the jacket was vouchered at the time of arrest, it was inadvertently lost or destroyed prior to trial. Defense counsel seized on this both in cross-examination and during summation, arguing that it undermined the witnesses' credibility and showed that they were mistaken as to petitioner's identity. Although petitioner's trial counsel requested an "adverse inference" instruction concerning the lost jacket, the trial court declined to give such an instruction.

The Appellate Division held that this contention was "without merit." This ruling triggers the deferential standard of review under the AEDPA referenced above.

Under New York law, the decision of whether to give an adverse inference instruction based on missing evidence is wholly within the discretion of the trial judge. See People v. Rice, 39 A.D.3d 567, 568, 834 N.Y.S.2d 254 (2d Dep't 2007) ("The court did not improvidently exercise its discretion in denying the defendant's request for an adverse inference charge"); Allain v. Les Indus. Portes Mackie, Inc., 16 A.D.3d 863, 864, 793 N.Y.S.2d 198 (3d Dep't 2005) ("Indeed, the issue of spoliation of evidence is within the trial court's purview . . . [therefore,] the adverse inference instruction given to the jury was an appropriate remedy and the court did not abuse its discretion . . ..").

Even assuming the Appellate Division improperly found that the trial court acted within its discretion in denying the requested instruction, it is very rare that a state trial court's exercise of discretion on an evidentiary matter like this will rise to the level warranting federal intervention under federal habeas corpus jurisdiction. "Federal habeas relief 'does not lie for errors of state law.'" McCall v. Artus, No. 06 Civ. 3365, 2008 WL 4501834, at *8 (S.D.N.Y. Sept. 29, 2008) (quoting Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475 (1991)); see also

Pulley v. Harris, 465 U.S. 37, 41, 104 S. Ct. 871 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). A "federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle, 502 U.S. at 68, 112 S. Ct. at 480 (1991). Therefore, for petitioner to prevail on this claim, he must show that the refusal to give an adverse inference instruction "'render[ed] petitioner's state trial fundamentally unfair' and thus violated his constitutional due process rights." Herring v. Meachum, 11 F.3d 374, 377 (2d Cir. 1993) (quoting Tribbitt v. Wainwright, 540 F.2d 840, 841 (5th Cir. 1976)). "Where a habeas petitioner alleges an error in a jury instruction or . . . an erroneous omission of an instruction, he must establish 'not merely that the instruction is undesirable, erroneous, or even 'universally condemned,' but that it violated some right which was guaranteed to [him] by the Fourteenth Amendment.'" Tutt v. Attorney Gen. of New York, No. 04 Civ. 862, 2008 WL 10642530, at *5 (N.D.N.Y Jan. 29, 2008) (quoting Cupp v. Naughten, 414 U.S. 141, 146, 94 S. Ct. 396 (1973)). The question is not whether the trial court erred in not giving the requested instruction, but whether its absence "so infected the entire trial that the resulting conviction violates due process." Davis v. Strack, 270 F.3d 111, 123 (2d Cir. 2001) (quoting Cupp, 414 U.S. at 147, 94 S. Ct. at 400 and citing Estelle, 502 U.S. at 72, 112 S. Ct. at 482 (quoting and reaffirming Cupp)).

Petitioner comes nowhere near meeting this demanding standard. The trial judge expressly authorized petitioner's trial counsel to argue that the jury should draw an adverse inference from the loss of the green jacket, and trial counsel vigorously embraced that opportunity. Nothing in New York law and certainly nothing in the United States Constitution required the trial court to take petitioner's side by emphasizing the point in a jury instruction.

15

The Appellate Division's affirmance of the trial court's ruling therefore did not unreasonably apply any Supreme Court case. Petitioner's point is therefore rejected.

## CONCLUSION

The petition is denied and the case is dismissed. The Clerk is directed to enter judgment against petitioner. A certificate of appealability shall not issue. See 28 U.S.C. § 2253(c). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
September 27, 2015